NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000596
30-JUN-2017
08:17 AM**

NO. CAAP-15-0000596

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
FRED E. WILLIAMS, also known as Frederick Ernest
Williams, Jr., Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 13-1-0025)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Reifurth and Chan, JJ.)

Plaintiff-Appellee State of Hawaiʻi (State) charged Defendant-Appellant Fred E. Williams (Williams) with promoting a dangerous drug in the third degree for possessing methamphetamine (Count 1) and possession with intent to use drug paraphernalia (Count 2). Williams was arrested on an outstanding warrant. During the course of his arrest, a glass pipe with whitish residue was recovered from Williams' jacket pocket and two lighters -- a butane lighter and a disposable lighter -- were recovered from Williams' pants pocket. While the lighters were being removed from Williams' pocket, a small one inch by one inch plastic packet containing a substance resembling crystal methamphetamine fell out and was also recovered. A Honolulu Police Department criminalist analyzed the residue in the glass pipe and the contents of the plastic packet and determined that the substances analyzed contained methamphetamine.

A jury found Williams guilty as charged. The Circuit Court of the First Circuit (Circuit Court)[1] sentenced Williams and entered its Judgment on July 28, 2015.

On appeal, Williams contends that: (1) the Circuit Court abused its discretion in admitting the glass pipe and the plastic packet containing the substance resembling crystal methamphetamine recovered from Williams because the State failed to sufficiently establish the chain of custody; (2) the Circuit Court abused its discretion in admitting the criminalist's expert's testimony that the substance in the plastic packet and the residue in the glass pipe contained methamphetamine; and (3) because the evidence recovered from Williams and the criminalist's testimony regarding her drug analysis should not have been admitted, there was insufficient evidence to support his convictions. We affirm.

I.

We resolve the issues raised by Williams on appeal as follows:

1. The Circuit Court did not abuse its discretion in determining that a sufficient chain of custody had been established to admit the glass pipe and plastic packet containing the substance resembling crystal methamphetamine into evidence. A trial court's decision to admit evidence over a chain-of-custody objection is reviewed for abuse of discretion. State v. DeSilva, 64 Haw. 40, 42, 636 P.2d 728, 730 (1981). "In showing chain of custody, all possibilities of tampering with an exhibit need not be negated. Chain of custody is sufficiently established where it is reasonably certain that no tampering took place, with any doubt going to the weight of the evidence." Id. at 41, 636 P.2d 730. In other words, "[t]he trial court may admit the evidence when satisfied it is . . . reasonably probable that tampering, substitution or alteration of evidence did not

---

[1] The Honorable Rom A. Trader presided.

occur. Absolute certainty is not required." Id. at 42, 636 P.2d at 730.

Here, the glass pipe and the packet containing suspected crystal methamphetamine recovered from Williams were placed in manila envelopes. Every person in the chain of custody for this evidence up through its receipt by the criminalist testified at trial that he or she did not alter the contents of the manila envelopes, substitute anything, or tamper with the evidence. The criminalist who performed the drug analysis on the glass pipe and the substance in the plastic packet testified that when she received the manila envelopes, the seals to the manila envelopes were intact, the paperwork documenting the chain of custody was in order, and there was no indication that the evidence had been tampered with. When the criminalist had completed her analysis of an item, she placed the item into the laboratory's evidence bag and heat-sealed it on both ends.

The criminalist testified that when she opened the manila envelopes, the glass pipe and the plastic packet were each in a larger Ziplock bag with a red line across the top. The criminalist testified that it is common for her to receive evidence for analysis in this type of Ziplock bag. Williams' chain-of-custody objection was based on the State's failure to explain the presence of the larger Ziplock bag with the red line in each of the manila envelopes.[2] The Circuit Court considered this objection, but it ruled that a sufficient chain of custody had been established and that any question raised by the presence of a larger Ziplock bag containing the evidence in each manila

_____

[2] At trial, Officer Bernadine Canite, the officer who placed the evidence into the manila envelopes, testified that the items she placed in the envelopes were "just" the items that were seized from Williams. The State, however, notes that Officer Canite was not specifically asked about the larger Ziplock bags in the manila envelopes, and the State contends that a reasonable inference is that Officer Canite placed the evidence recovered from Williams into the larger Ziplock bags before sealing the manila envelopes. After Williams made chain-of-custody objections based on the presence of the larger Ziplock bags, the State requested leave to recall Officer Canite to question her specifically about the larger Ziplock bags. However, Williams objected to the State's request to recall Officer Canite for this purpose, and the Circuit Court denied the State's request to recall Officer Canite.

envelope went to the weight and not the admissibility of the evidence. Based on our review of the record, we conclude that the Circuit Court did not abuse its discretion in ruling that the chain-of-custody was sufficient. The State's failure to specifically account for the presence of the larger Ziplock bag in each manila envelope went to the weight, and did not preclude the admissibility, of the evidence.

2. Williams argues that the Circuit Court abused its discretion in permitting the criminalist to testify about her drug analysis because the State failed to lay a sufficient foundation for the results of the Fourier Transform Infrared Spectrometer (FTIR) test on which she relied. We disagree. The foundation laid by the State for the results of the FTIR test was comparable to the foundation found sufficient by the supreme court in State v. Manewa, 115 Hawai'i 343, 167 P.3d 336 (2007). As in Manewa, the criminalist in this case was qualified as an expert in drug analysis, and her testimony established that the FTIR was in proper working order based on established manufacturer's procedures. See id. at 354, 167 P.3d 347.

Unlike in State v. Subia, 139 Hawai'i 62, 67, 383 P.3d 1200, 1205 (2016), the criminalist in this case personally conducted the daily performance check used to verify that the FTIR was in proper working order. In Subia, the supreme court raised the question of whether in addition to the daily performance check, evidence that the FTIR had received periodic calibration was necessary to show that the FTIR was working properly. Id. at 68-69, 383 P.3d 1206-07. Here, the criminalist testified, without objection, that the FTIR is maintained to ensure it is working properly and described the actions taken as "[w]e align the bench weekly, and we have the manufacturer's service engineer come in once a year to do preventive maintenance." We conclude that a sufficient foundation was laid to show that the FTIR used to perform the drug analysis in this case was in proper working order.

4

3.     Because we conclude that the evidence recovered from Williams and the criminalist's testimony regarding her drug analysis were properly admitted, we reject Williams' claim that there was insufficient evidence to support his conviction.

II.

We affirm the Circuit Court's Judgment.

DATED: Honolulu, Hawai'i, June 30, 2017.

On the briefs:

James S. Tabe
Deputy Public Defender
for Defendant-Appellant.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Lawrence M Reifurth*

Associate Judge

Associate Judge